UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS RUTLEDGE,

    Plaintiff,

v.

AMY FOSTER, et al.,

    Defendants.

No. 2:18-cv-1847 WBS DB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights by using a satellite to assault him. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant plaintiff's motion to proceed in forma pauperis and recommend that the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff claims the events giving rise to his claims occurred while he was incarcerated at the Lassen County Jail. (ECF No. 1 at 1.) He names as defendants Amy Foster and John Bohls. Plaintiff characterizes his claim as one for sexual harassment and alleges that he believes Foster sexually molests him via a police issue satellite. (ECF No. 1 at 2.) He alleges that if the "satellite link up log" is checked he is certain it will reflect that Foster has been using the satellite regularly since March 4, 2018. He further states that if it is not Foster it is someone else in the jail claiming

3

1  to be Foster. He claims these actions threaten his safety. Plaintiff further claims that Bohls is
2  allowing Foster to harm plaintiff. (ECF No. 1 at 5.) Plaintiff requests an investigation into his
3  claims and detention of the individual who is at fault. (ECF No. 1 at 6.)

### III. Does Plaintiff State a Claim under § 1983?

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Allegations that are fanciful, fantastic, or delusional give rise to claims that are factually frivolous. Denton, 504 U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28). The district court is therefore authorized to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33.

In the present case, plaintiff claims defendant Foster is using a satellite that produces "sound and what feels like hands touching" him and that she demands he perform sexual favors and acts." (ECF No. 1 at 2.) He also claims that he can respond to Foster using his thoughts. (Id. at 4.)

These allegations are implausible on their face and there is no indication that they are grounded in reality. Plaintiff's claims fall within the category of those "describing fantastic or delusional scenarios" and should be dismissed. See Monroe v. Arpaio, No. CV053441 PHX-NVM (VAM), 2005 WL 3054067, at *2-3 (D.Ariz. Nov. 14, 2005) (dismissing with prejudice, at screening, inmate's claim that he told jail officials he had a "mind-reader device on him" but they did not transfer him to a secure facility or set up a "scrambler" to block radio, microwave or satellite transmissions); Payne v. Contra Costa Sheriff's Dep't, No. C 02-2382 CRB (PR), 2002 WL 1310748, at *1-2 (N.D. Cal. June 10, 2002) (dismissing inmate's complaint at screening where he alleged that the defendant sheriff department subjected him to harassment and torture through the use of telepathy and mind control); Waldrop v. Dep't of Corr., No. CIV S-06-1260

4

DFL EFB P, 2006 WL 2926754 at *1 (dismissing action where plaintiff alleged California Department of Corrections and Rehabilitation placed radio transmitters in his ears and used satellite transmissions to monitor him).

### IV. Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

### V. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that:

3. Plaintiff's complaint (ECF No. 1) be dismissed without prejudice; and.
4. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 10, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/rutl1847.scrn